Haight, J.
This action was brought to recover damages for an alleged assault and battery and false imprisonment. The defendants were police officers of the city of Rochester. On the third day of December, 1885, a warrant was issued by the police justice of that city commanding the apprehension of the plaintiff on the charge of larceny, to wit: the stealing of a dog of the value of ten dollars, the property of John Heman. The warrant was handed to the defendant Kron, who took the defendant Bletzer with him, and about three o’clock in the morning of the fourth of December, went to the plaintiff’s residence, on Averill avenue, in the city of Rochester, and rapped on the outer door of the house. After some time the door was opened and the defendants entered, arrested the plaintiff and took *231 him to the police station. No authority to arrest in the night time was endorsed upon the warrant. The plaintiff testified that both of the defendants put their hands upon him to get him out of the house and through the gate. This testimony was, however, controverted.
Section 170 of the Code of Criminal Procedure provides that: “If the crime charged be a felony, the arrest may be made on any day and at any time of the day or during any night. If it be a misdemeanor, the arrest can not be made on Sunday or at night unless by direction of the magistrate endorsed upon the warrant ” It follows that the defendants were not justified in making the arrest at the time that they did, and that the court properly charged that there was a false imprisonment as soon as the defendants took the plaintiff into custody.
It is contended that the complaint should have been dismissed as against the defendant Bletzer, on the ground that there is no evidence on which the jury could find a verdict against him, and that the court erred in refusing such motion. If, however, the testimony of the plaintiff is to believed, Bletzer was present in the house aiding and assisting the defendant Kron in making the arrest, even to the extent of putting his hands upon the plaintiff and holding him by the shoulder whilst walking down the street as far as the bridge.
But again, he admitted in his answer that he made the arrest. The defendants united in their answer, and as to the complaint for false imprisonment, they denied each and every allegation, “except as hereinafter expressly and specifically admitted or alleged.” They then proceeded to allege that the warrant was issued by the police justice and delivered to the defendants. That the defendants thereupon proceeded to the house of tho plaintiff, in the city of Rochester, and found the outer door of the house locked; that the defendants rapped upon the door; that the defendants informed the plaintiff that they were police officers and had a warrant for his arrest. Again, the defendants further allege, that they thereupon arrested the plaintiff and took him to the police office. It is a familiar rule that a party is bound by his pleading, and under this answer the defendant Bletzer not only admits, but alleges that the arrest was made by him.
It is contended that the court erred in refusing to dismiss the complaint as to the allegation of an assault and battery. As we have already stated, the evidence upon this branch of the case was conflicting, and it consequently became a question for the jury under proper instructions.
The court was also asked to instruct the jury that it may find against one defendant and in favor of the other if the *232 evidence warrants it. This was declined and exception taken. This request would have been proper had it not been for the joint answer of the defendants in which they both admit and allege that the arrest was made by them. In view of the answer the request was properly denied.
It also appeared in the evidence that after the defendants had rapped upon the door of the plaintiff’s house some conversation took place between the plaintiff and the defendants in which they demanded admittance, stating that they were officers; that thereupon the plaintiff fired off a revolver in the house. The defendants requested the court" to charge that if the plaintiff aimed or discharged the pistol at or toward any human being, that that constituted a. crime, and for that the defendants were justified'in arresting him, and also that if the plaintiff wilfully discharged any kind of a firearm in any place where any person was put in danger thereby, even though no injury did ensue to any person, if it was committed in the presence of the defendants they were justified in arresting him. These requests were refused and exception taken. Had the deféndants arrested the plaintiff for firing off the pistol it is possible that the defendants would have been entitled to this charge; but it appears that after they entered the house they arrested the plaintiff upon the warrant. It. further appears that after they had taken him to the station house the warrant was returned endorsed thereon that he had been arrested “By virtue of the within warrant,” and that no complaint was made against him of any other crime. We are consequently of the opinion that the requests were properly denied.
Upon the trial it appeared that the plaintiff was discharged by the magistrate and was again subsequently arrested upon another warrant issued upon the complaint of Mr. Heman for the same offense. Upon the cross-examination the plaintiff was asked “if he paid Heman anything to settle the matter of the stealing of the dog.”This was objected to and an exception taken. If he was under arrest and had settled the matter, it is claimed that it would amount to an admission that he was guilty of some offense, and the evidence would consequently have been proper as bearing upon the credibility. This, however, would not amount to a defense, for under the conceded facts in the case the arrest was made in the night time by virtue of a warrant that did not authorize an arrest at that time. The evidence consequently would not change the result, and we are of the opinion that the error, if any, may be disregarded.
The judgment and order should be affirmed.
Smith, P. J., and Bradley, J., concur.